UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:17-cr-163 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| SHERWOOD HOWARD, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING, WITHOUT PREJUDICE, DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 52)**

---

This case is before the Court on Defendant's Motion for Compassionate Release (Doc. No. 52) (the "Motion") filed by Sherwood Howard ("Howard"). Howard is currently incarcerated at Memphis FCI [Federal Correctional Institution] in Tennessee. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited July 8, 2021).) He asks the Court for compassionate release from his term of imprisonment. More specifically, he asks that this Court grant him "compassionate release under 18 U.S.C. § 3582, or in the alternative an Order releasing him from custody to serve the entire remainder of his 80-month sentence on electronic home incarceration." (Doc. No. 52 at PageID 220.) On June 29, 2021, the United States of America (the "Government") filed a Response, arguing that the Motion should be denied because Howard has not fulfilled the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 53.)

First, the Court denies Howard's request for a reduced sentence. Section 3582(c)(1)(A) expressly provides that the Court "may not modify a term of imprisonment" upon a motion brought

1

by a defendant until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) (if "the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf," but "[t]o do that, he must 'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison") (quoting 18 U.S.C. § 3582(c)(1)(A)) (alterations in original).[1]

The exhaustion requirement in Section 3582(c)(1)(A) is not a jurisdictional rule; it is a mandatory claim-processing rule. *Alam*, 960 F.3d at 833-34. A defendant will be unable to "show that exceptions to mandatory claim-processing rules—waiver or forfeiture—apply" if the Government timely objects to the defendant's failure to exhaust. *Id.* at 834. As the Sixth Circuit explained, "[w]hen properly invoked, mandatory claims-processing rules [like the exhaustion requirement in Section 3582(c)(1)(A)] must be enforced," and they are not subject to judge-made exceptions. *Id.* (internal quotation marks omitted); *Ross v. Blake*, 136 S. Ct. 1850, 1856-57, 195 L. Ed. 2d 117 (2016) (a court may not excuse exhaustion requirements mandated by statute because "mandatory exhaustion statutes … establish mandatory exhaustion regimes, foreclosing judicial discretion"). The statute's "exhaustion requirement serves valuable purposes … and because it is mandatory" courts must enforce it.[2] *Alam*, 960 F.3d at 832.

---

[1] *See also Alam*, 960 F.3d at 836 ("inmates can identify the ongoing public health crisis in their initial petition to their wardens. If that doesn't work, prisoners can pursue administrative review. If that also comes up short (or if 30 days pass), prisoners have the option to go to federal court").

[2] The Sixth Circuit further explained: "Preventing prisoners from charging straight to federal court serves important purposes. It ensures that the prison administrators can prioritize the most urgent claims. And it ensures that they can investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Alam*, 960 F.3d at 835.

2

Here, Howard offers no evidence that he fulfilled 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. Although Howard indicates that he submitted a request for compassionate release to the warden on November 6, 2020 and did not receive a response (Doc. No. 52 at PageID 222), there is no documentary evidence of this. (*See* Doc. No. 38 at PageID 147 (original motion).) Mere assertions of exhaustion are insufficient, as defendants bear the burden of showing they have exhausted administrative remedies. *See United States v. Pack*, No. 17-CR-20002-10, 2020 WL 5648581, at *2 (W.D. Tenn. Sept. 22, 2020). Further, the Government has timely objected to Howard's failure to exhaust. (Doc. No. 53.) Courts have previously denied motions for compassionate release where no documentation of exhaustion was provided and the Government timely objected. *See, e.g., United States v. Wallace*, No. 2:18-CR-102, 2021 WL 99344 (S.D. Ohio Jan. 12, 2021); *United States v. Suber*, No. 2:96-CR-94, 2021 WL 215683 (S.D. Ohio Jan. 21, 2021). Therefore, the Court denies Howard's request for compassionate release, without prejudice to refiling a motion for compassionate release after fulfilling the exhaustion requirement.

The Court acknowledges that Howard, through counsel, moved to dismiss his original motion for compassionate release (Doc. No. 38) without prejudice for the same reason on February 6, 2021. (Doc. No. 43.) Dismissal without prejudice indicates a particular judgment "is not on the merits and will have no preclusive effect." *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1364 (Fed. Cir. 2000) (citing *Cooter & Gell v. Harmarx Corp.*, 496 U.S. 384, 396 (1990)). Therefore, if Howard is able to cure the reason for denial by demonstrating compliance with 18 U.S.C. § 3582(c)(1)(A), then the Court will have the opportunity to consider the merits of his petition.

Second, the Court addresses Howard's request that the Court allow him to complete the rest of his sentence under home confinement. This amounts to asking the Court to change the place where his sentence will be served (from Memphis FCI to his home), without reducing the

term of his sentence. However, it is the Bureau of Prisons ("BOP"), not the courts, that has the authority to determine the place of a defendant's confinement. The CARES Act did not change this fact. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment ..."); CARES Act, Pub. L. No. 116-136, at Div. B., Title II, § 120003(b)(2); *United States v. Brummett*, No. 20-5626, 2020 U.S. App. LEXIS 26427, at *5, 2020 WL 5525871 (6th Cir. Aug. 19, 2020) ("to the extent that [the defendant prisoner] sought relief under the CARES Act, the district court correctly held that the authority to grant home confinement remains solely with the Attorney General and the BOP"); *see also United States v Spencer*, No. 20-3721, 2020 U.S. App. LEXIS 28051, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020) ("Section 3582(c)(1)(A) does not authorize the district court to order that a defendant serve his current sentence in home confinement," but, if the court "reduces a defendant's sentence under § 3582(c)(1)(A) to time served, [then] it can impose a term of supervised release equal to the unserved time and order, as a condition of that supervised release, that the defendant be confined to his home"). Therefore, this request is denied.

Given the lack of documentary evidence indicating that Howard has satisfied the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A), and the Government's timely objection on that basis (*see* Doc. No. 53), the Court cannot grant the Motion. Therefore, the Court **DENIES** Howard's Motion (Doc. No. 52) without prejudice to filing a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) after satisfying the statute's exhaustion requirement.[3]

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, July 14, 2021.

s/Thomas M. Rose

---

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[3] The Court acknowledges the valuable contribution and assistance of judicial intern Noah Brown in drafting this order.