UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 3:17-CR-00163 |
| v. | : |
| | : Judge Thomas M. Rose |
| SHERWOOD HOWARD, | : |
| Defendant. | : |

---

**ENTRY AND ORDER DENYING DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE OR ORDER FOR IMMEDIATE RELEASE ON HOME CONFINEMENT (DOC. NO. 55)**

---

This case is before the Court on the Renewed Motion for Compassionate Release or Order for Immediate Release on Home Confinement (Doc. No. 55) (the "Motion"), filed by Sherwood Howard ("Howard"). Howard is currently incarcerated at Federal Correctional Institution Memphis ("FCI Memphis") in Tennessee. He asks the Court for a compassionate release from his term of imprisonment or, alternatively, for an order releasing him from custody to serve the remainder of his term in home confinement. Specifically, he asks that this Court grant him compassionate release pursuant to 18 U.S.C. § 3582. (Doc. No. 55 at PageID 260.) For the reasons discussed below, the Court **DENIES** Howard's Motion.

**I.     BACKGROUND**

On October 6, 2017, the United States of America (the "Government") filed a one count information against Howard, charging him with violating 21 U.S.C. § 841(a)(1). (Doc. No. 19.) Specifically, Howard was charged with knowingly and intentionally possessing with intent to distribute and distributing a mixture or substance containing a detectable amount of heroin. (*Id.*)

1

On November 21, 2017, pursuant to a plea agreement, Howard pled guilty to the offense in the Information. (Doc. No. 22.) The Statement of Facts attached to the Plea Agreement, signed by Howard and his attorney, states:

> Between September 2015 and September 2016, the defendant, SHERWOOD A. HOWARD, in the Southern District of Ohio, knowingly and intentionally conspired with Damian Jones and others, to possess with intent to distribute and distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance. During the timeframe of the conspiracy, HOWARD obtained heroin from Jones and distributed the heroin to other individuals.
>
> On or about June 7, 2016, in Dayton, Ohio, Jones provided approximately 934 grams of a mixture or substance containing a detectable amount of heroin (the "fronted heroin") to a confidential source while outside of an address on AliciaRoad, in Dayton, Ohio, used by HOWARD. Subsequently, on various dates between June 2016 and July of 2017, the confidential source, using FBI funds, made several payments to Jones for the fronted heroin totaling approximately $86,000. On or about June 24, 2016, the confidential source made a payment for the fronted heroin to Jones with HOWARD present at the Alicia Road address. During the meeting, Jones and HOWARD discussed the confidential source returning an unsold amount of the heroin so that Jones and HOWARD could mix it with a different heroin product that they claimed was better.
>
> On or about August 31, 2016, the FBI executed several search warrants at locations connected to Jones and HOWARD, including the location on Alicia Road in Dayton, Ohio, and a location on West Riverview Drive, in Dayton, Ohio. At those locations, the FBI seized an additional approximately 31 grams of a mixture or substance containing a detectable amount of heroin, approximately 108 grams of a mixture or substance containing a detectable amount of cocaine, approximately 70 grams of a mixture or substance containing a detectable amount of methamphetamine, and approximately 3 grams of a mixture or substance containing a detectable amount of heroin and cocaine. Agents also seized a Glock firearm and Mossberg shotgun possessed and under the custody and control of HOWARD during execution of the search warrant.

Doc. No. 22, Page Id 45.

The Final Presentence Investigation Report ("PSI") regarding Howard provided additional information about the circumstances of the offense and identified six prior adult criminal conviction and other minor convictions. (PSI ¶¶ 45-51.) Howard's criminal history includes convictions for the illegal use of food stamps, the illegal conveyance of prohibited items into a

detention facility, possession of cocaine, drug abuse, possession of cocaine (again), disorderly conduct, and persistent disorderly conduct. (*Id*.) The PSI also indicated that Howard wore prescription glasses, had braces for his teeth, and took blood pressure medication, but did not note any other medical conditions or ailments. (*Id*. at ¶¶ 72-76.) The PSI further indicated that Howard accepted responsibility for his actions. (*Id*. at ¶ 36.)

On February 23, 2018, the Court sentenced Howard to an 80-month term of incarceration, three years of supervised release, and a $100 special assessment. (Doc. No. 27.) Howard is currently 37 years old and has an anticipated release date of May 16, 2023. (See FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited September 9, 2021)).

Howard previously filed a Motion for Compassionate Release on November 17, 2020. (Doc. No. 38.) He voluntarily moved to dismiss that motion after it was discovered that he had not exhausted his administrative remedies; this Court granted that motion to dismiss. (Doc. No. 43; 02/08/2021 NOTATION ORDER.) On June 21, 2021, Howard filed a second Motion for Compassionate Release, which this Court denied without prejudice because he failed to exhaust his administrative remedies. (Doc. Nos. 52, 54.) Howard filed the instant Motion on August 10, 2021. (Doc. No. 55.) The Government filed a Response to the Motion (Doc. No. 56) (the "Response"), in which it opposed the Motion. The Government subsequently filed a Supplemental Response (Doc. No. 58), which provided additional information regard Howard's vaccination status. Howard notified the Court that he did not plan to file a reply to the Response. (Doc. No. 59.) This matter is ripe for review and decision.[1]

---

[1] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18

3

## II. ANALYSIS

### A. Legal Standards

A district court has limited authority to modify a sentence. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) ("[s]ince the Sentencing Reform Act of 1984, federal law has generally prohibited a district court from modifying a term of imprisonment once it has been imposed") (alterations adopted) (internal quotation marks omitted). "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants such authority in certain limited circumstances. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[2]

The decision to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A) involves a three-step test, based on three substantive requirements. *United States v. Jones*, 980 F.3d 1098, 1106-08 (6th Cir. 2020); 18 U.S.C. § 3582(c)(1)(A)(i). At step one, a court must find that

---

U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must fully exhaust all administrative rights to appeal with the prison or wait 30 days after his first request to the prison," and "[p]risoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them") (internal quotation marks omitted) (alterations adopted); *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons"). Howard sought a compassionate release from the Warden of FCI Memphis on June 29, 2021. (Doc No. 55-1, PageID 268.)

[2] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *Ruffin*, 978 F.3d at 1003.

extraordinary and compelling reasons warrant a sentence reduction.[3] *Jones*, 980 F.3d at 1107-08. At step two, a court must find that such a reduction is consistent with <u>applicable</u> policy statements issued by the Sentencing Commission. *Id.* at 1108. At step three, a court must consider any applicable Section 3553(a) factors and, in its discretion, find that the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case. *Id.* A court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). However, a court cannot grant such a motion unless the court addresses "all three steps" and finds that all three substantive requirements are met. *Id.*

Regarding the first step, "Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *Ruffin*, 978 F.3d at 1004. Congress instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). But apart from this instruction, "Congress delegated to the Sentencing Commission the responsibility of describing what should be considered extraordinary and compelling reasons for sentencing reduction, including the criteria to be applied and a list of specific examples by promulgating general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A)." *Jones*, 980 F.3d at 1108-09 (alterations adopted) (internal quotation marks omitted). The Sentencing Commission's policy statement regarding compassionate release under Section 3582(c)(1)(A) resides in § 1B1.13 of the United States Sentencing Commission Guidelines Manual. *Id.* at 1109; U.S.S.G. § 1B1.13 ("Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)"). However, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018." *Jones*, 980 F.3d at 1109. Therefore, and for

---

[3] "Or, alternatively, whether the defendant fulfills the requirements of § 3582(c)(1)(A)(ii)." *Jones*, 980 F.3d at 1108 n. 12.

reasons more fully explained in *Jones*, the Sixth Circuit held that—until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act—district courts "have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13" in cases where an incarcerated person files a motion for compassionate release.[4] *Id.* at 1109-11.

However, there still are limits on the district court's discretion beyond Congress's single instruction. "Although the statute does not define 'extraordinary and compelling,' those words still have their ordinary meaning at the time Congress enacted the statute." *United States v. Hunter*, No. 21-1275, --- F.4th ---, 2021 U.S. App. LEXIS 26115, 2021 WL 3855665, at *4 (6th Cir. Aug. 30, 2021) (internal quotation marks omitted). "'Extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.'" *Id.* (quoting Webster's Third New International Dictionary: Unabridged 807 (1971)). "'Compelling' meant 'forcing, impelling, driving.'" *Id.* Additionally, "non-retroactive changes in the law, whether alone or in combination with other personal factors, are not 'extraordinary and compelling reasons' for a sentence reduction." *Id.* And, "facts that existed when the defendant was sentenced cannot later be construed as 'extraordinary and compelling' justifications for a sentence reduction." *Id.* at *4, 9 (at step one, the district court erred by considering the defendant's age when he committed the murder and his co-defendants' sentences in analyzing whether "extraordinary and compelling reasons" existed to warrant a sentence reduction). The first step "focuses on post-sentencing factual developments." *Id.* at *9.

Regarding the second step, again, the Sentencing Commission's policy statement regarding compassionate release under 18 U.S.C. § 3582(c)(1)(A) resides in U.S.S.G. § 1B1.13. *Jones*, 980

---

[4] A district court "may look to § 1B1.13" if it wants to do so "as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release," but "may not proceed as though § 1B1.13 *constrains* its analysis of what constitutes extraordinary and compelling reasons for release." *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021) (emphasis in original).

6

F.3d at 1109. However, the Sixth Circuit held in *Jones* that "the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release." *Id.* Thus, U.S.S.G. § 1B1.13 currently is <u>not</u> an "applicable policy statement[] issued by the Sentencing Commission" in such cases. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1101, 1109. So now, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry," at least until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act. *Jones*, 980 F.3d at 1111.

Regarding the third step, "[d]istrict courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114. The factors set forth in Section 3553(a) "consider such things as the characteristics of the defendant, the nature of the offense, and various penological goals, such as the need to promote respect for law and to protect the public." *Ruffin*, 978 F.3d at 1005. More specifically, 18 U.S.C. § 3553(a) states:

> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> >
> > (2) the need for the sentence imposed--
> >
> > > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > >
> > > (B) to afford adequate deterrence to criminal conduct;
> > >
> > > (C) to protect the public from further crimes of the defendant; and
> > >
> > > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

7

    (3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established for--

        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

            (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

            (ii) that, except as provided in section 3742(g) [18 U.S.C. § 3742(g)], are in effect on the date the defendant is sentenced; or

        (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

    (5) any pertinent policy statement--

        (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (B) that, except as provided in section 3742(g) [18 U.S.C. § 3742(g)], is in effect on the date the defendant is sentenced[;]

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Among the variety of items that courts have considered in this step are the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, the defendant's background, whether the defendant previously

8

complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence, sentencing disparities between defendants (nationally and also among co-defendants) with similar records who are convicted of similar conduct, conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions. *Jones*, 980 F.3d at 1115; *Ruffin*, 978 F.3d at 1008-09; *Hunter*, 2021 WL 3855665, at *9 (in balancing the § 3553(a) factors, a district court is permitted, but not required, to consider non-retroactive changes in the law). Of course, not all of these items will be applicable or relevant (or known to the court) in all cases, and other items may be applicable or relevant. *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable").

Finally, "Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory." *Jones*, 980 F.3d at 1106; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *Ruffin*, 978 F.3d at 1005 (a "district court has substantial discretion" in deciding whether to reduce a term of imprisonment pursuant to Section 3582(c)(1)(A)); *Elias*, 984 F.3d at 518 (a district court may reduce the term of imprisonment if all three of the substantive requirements are met, "but need not do so").

### B. Application

Howard asks that the Court grant him compassionate release, or, in the alternative, "releas[e] him from custody to serve the entire remainder of his 80 month sentence on electronic home incarceration . . . ." (Doc. No. 55 at PageID 260.) Howard argues that he suffers from hypertension and obesity, which weakens his immune system and exposes him to increased risks associated with contracting COVID-19. (*Id*. at PageID 261.) He further argues that he is housed in close quarters to other inmates, shares all showers, toilets, and sinks, and is unable to access basic items such as sanitizer. (*Id*. at PageID 264.) Moreover, Howard argues that he is unable to access the level of medical care necessary for an individual with his "particular ailments." (*Id*. at PageID 265.)

In response, the Government argues that this Court lacks the authority to grant Howard's request for home confinement and that Howard has not demonstrated that he is eligible for release under § 3582(c)(1)(A). (*See* Doc. No. 56.) The Government also asserts that Howard has failed to provide documentation establishing his medical conditions, and it argues that the nature and circumstances of Howard's crimes and his history and characteristics create clear public safety concerns. (*Id*.)

1. Request for Release to Home Confinement

The Court must first address Howard's request that the Court allow him to complete the rest of his sentence under "electronic home incarceration." (*See* Doc. No. 55.) Such a request amounts to asking the Court to change the place where his sentence will be served (from FCI Memphis to his home), without reducing the term of his sentence. However, it is the BOP, not the courts, that has the authority to determine the place of a defendant's confinement. The CARES Act did not change this fact. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …"); CARES Act, Pub. L. No. 116-136, at Div. B., Title II,

§ 120003(b)(2); *United States v. Brummett*, No. 20-5626, 2020 U.S. App. LEXIS 26427, at *5, 2020 WL 5525871 (6th Cir. Aug. 19, 2020) ("to the extent that [the defendant prisoner] sought relief under the CARES Act, the district court correctly held that the authority to grant home confinement remains solely with the Attorney General and the BOP"); *see also United States v Spencer*, No. 20-3721, 2020 U.S. App. LEXIS 28051, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020) ("Section 3582(c)(1)(A) does not authorize the district court to order that a defendant serve his current sentence in home confinement," but, if the court "reduces a defendant's sentence under § 3582(c)(1)(A) to time served, [then] it can impose a term of supervised release equal to the unserved time and order, as a condition of that supervised release, that the defendant be confined to his home"). Therefore, the request is denied.

2. <u>Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)</u>

The Court now turns to Howard's request for compassionate release through a reduction of his term of imprisonment pursuant to Section 3582(c)(1)(A)(i). (*See* Doc. No. 55.)

Step one requires the Court to determine whether extraordinary and compelling reasons warrant a sentence reduction. *Jones*, 980 F.3d at 1107-08. The Court may deny a motion for compassionate release if the movant fails to provide any records supporting the claimed medical ailments that form the basis of the "extraordinary and compelling reasons" warranting the reduction in the term of imprisonment. *Elias*, 984 F.3d at 520 (holding that the district court could have denied movant's motion where she failed to provide any records that she had hypertension); *United States v. Green*, No. 3:17-cr-00189, 2021 U.S. Dist. LEXIS 49871, 2021 WL 1020412, at *6 (S.D. Ohio Mar. 17, 2021) (denying movant's motion for compassionate release where he failed to provide any records in support his asserted medical conditions). Howard has failed to provide any documentation demonstrating that he is obese or suffers from hypertension. In fact, the only medical records before the Court show that Howard has been vaccinated against COVID-19. (Doc.

11

No. 58-1, PageId 290.) Howard has failed to demonstrate that an "extraordinary or compelling reason" for the reduction of his term of imprisonment exists. *Elias*, 984 F.3d at 520; *Green*, 2021 WL 1020412, at *6.

Even if Howard was able to establish an "extraordinary and compelling reason," step three would still weigh against his release.[5] The third step requires: consideration of any applicable Section 3553(a) factors and a determination of whether, in the Court's discretion, the reduction is warranted in whole or in part under the particular circumstances of this case. *Elias*, 984 F.3d at 519; *Jones*, 980 F.3d at 1108; 18 U.S.C. § 3582(c)(1)(A)(i); *see also Ruffin*, 978 F.3d at 1005 ("[e]ven if [the first two requirements] are met, … a district court may still deny relief if it finds that the applicable § 3553(a) factors do not justify it") (internal quotation marks omitted).

The Court has considered the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes that Howard has accepted responsibility for his actions.

Yet, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1). The offense for which Howard is currently incarcerated involved large quantities of heroin. (Doc. No. 29 at PageID 62.) Heroin is a dangerous, and potentially lethal, controlled substance. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(C); *see also United States v. Morales-Medina,* No. 3:16-cr-00039, 2021 WL 1909708, 2021 U.S. Dist. LEXIS 90270, at *16 (S.D. Ohio May 12, 2021); *United States v. McBeath*, No. 3:15-cr-00169-1, 2021 WL 1267529, 2021 U.S. Dist. LEXIS 66214, at *14 (S.D. Ohio Apr. 6, 2021). This weighs strongly against a sentence reduction. *See United States v. Brown*, 828 F. App'x 256, 257 (6th Cir. 2020) (finding heroin dealers to be "dangerous contributors to the opioid epidemic").

---

[5] Regarding step two, given that Howard (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision. *Jones*, 980 F.3d at 1111.

Additionally, Howard's criminal history includes prior convictions involving the illegal use of food stamps, the illegal conveyance of prohibited items into a detention facility, possession of cocaine, drug abuse, possession of cocaine (again), disorderly conduct, and persistent disorderly conduct. (PSI ¶¶ 45-51.) All of this greatly concerns the Court. *See* 18 U.S.C. §3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6). The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C).

Having considered the factors set forth in Section 3553(a) to the extent that they are applicable, the Court finds that the requested reduction in the term of imprisonment is not warranted and the Court finds that consideration of the applicable Section 3553(a) factors calls for denial of the Motion. *Jones*, 980 F.3d at 1102 (affirming decision to deny motion for compassionate release where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed in [defendant's] case but that the § 3553(a) factors counseled against granting compassionate release"); *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (affirming denial of a compassionate release motion where "the District Court reasonably concluded that several of the § 3553(a) factors—including … the need to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence— counsel against compassionate release …").

### III. **CONCLUSION**

Howard's failure to provide documentation of his medical conditions and consideration of the applicable Section 3553(a) factors do not warrant a reduction of the term of imprisonment pursuant to Section 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the Renewed

Motion for Compassionate Release or Order for Immediate Release on Home Confinement (Doc. No. 55).

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, September 13, 2021.

    _/s/Thomas M. Rose_____
    THOMAS M. ROSE
    UNITED STATES DISTRICT JUDGE